## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GEORGE HALL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **Case No. 11-CV-4013 JTM/DJW** |
| | ) | |
| **ASSOCIATED INTERNATIONAL** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Quash Subpoena (ECF No. 37) in which

Plaintiff George Hall ("Hall") requests the Court quash the records subpoena issued by Defen-

dant Associated International Insurance Company ("Associated") to Great Southern Bank. The

Motion to Quash Subpoena is denied.

### I.      Background Facts

This case was filed in this Court on February 7, 2011 by Plaintiff Hall. Plaintiff alleges

that his bank, TeamBank, N.A. ("TeamBank"), informed him that it would place property

insurance on his 160-acre farm. TeamBank then obtained an insurance policy from Defendant

Associated International Insurance Company ("Associated") which was procured through its

managing general agent, Proctor Financial, Inc. ("Protor"). Plaintiff contends that Defendants

represented to him that the issued policy covered the entire 160-acre farm including the farm

house, barns, and outbuildings.[1]  But after the farm suffered extensive storm damage in 2009,

"the insurance company paid only a very small loss because the policy that was actually issued

---

[1]Complaint, (ECF No. 1) at pgs. 1-3.

only provided coverage for damage to the house even though defendants had represented to plaintiff that the bank had insured all the collateral, (not just the house)."[2] Plaintiff seeks monetary relief for his loss.[3]

Despite the fact that this action was brought in this Court, Defendant Associated sought issuance of a subpoena duces tecum from the Western District of Missouri. That court issued the subpoena and Defendant Associated served it upon Great Southern Bank. Great Southern Bank, while not a direct player in this lawsuit, does have a connection to it through Plaintiff. In short, Great Southern Bank had a mortgage interest in Plaintiff's farm and was a creditor in a bankruptcy proceeding in which Plaintiff was a debtor in possession.[4] Great Southern Bank and Plaintiff engaged in litigation and eventually reached a settlement agreement of all disputes between them, including bankruptcy and civil lawsuit issues.[5] Both "parties agreed that the terms of the settlement were to be kept confidential."[6] Among other things, the subpoena served upon Great Southern Bank seeks the settlement agreement and terms thereof. In the motion before the Court, Plaintiff Hall objects to disclosure of the settlement agreement, violation of the confidentiality agreement between Plaintiff and Great Southern Bank, and various other aspects of the subpoena.[7]

---

[2]Plaintiff's Motion to Quash Subpoena, (ECF No. 37) at pg. 2.

[3]Complaint, (ECF No. 1) at pg. 5.

[4]Plaintiff's Motion to Quash Subpoena, (ECF No. 37) at pg. 1.

[5]*Id*. at pg. 2.

[6]*Id*.

[7]Defendant Associated informed the Court, in its response to the pending motion, that "Hall failed to remove the Motion to Quash from the Court's docket even after being advised of

## II.     Discussion

While Plaintiff may have valid objections to the subpoena, this Court cannot properly

decide those issues.  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 governs subpoenas.

Under Fed. R. Civ. P. 45(c)(3)(A), "[o]n timely motion, the *issuing court* must quash or modify a

subpoena" under certain circumstances.[8]  Courts have, thus, uniformly held that only the issuing

court has the authority to quash or modify a subpoena.  "This is the rule because subpoenas

issued under Rule 45 constitute process of the issuing court, and are enforced by that same

court."[9]   "Accordingly, the court in which the action is filed lacks jurisdiction to rule on

subpoenas issued from other courts."[10]

Applying these rules, this Court concluded in *Rajala* that it did not have the authority or

jurisdiction under Fed. R. Civ. P. 45(c)(3) to entertain a motion to quash or modify a subpoena

issued from another court.  The Court concludes that the same is true in this case with respect to

the subpoena issued by the United States District Court for the Western District of Missouri.

---

his jurisdictional error <u>and</u> after learning that Great Southern Bank had brought its own,
procedurally correct motion, in the Western District of Missouri where Hall could have chosen
to be heard."  Associated International Insurance Company's Response to Hall's Motion to
Quash Subpoena, (ECF No. 43) at pg. 1.

[8] Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

[9] *Rajala v. McGuire Woods, LLP*, Civ. Action No. 08-2638-CM-DJW, 2010 WL
4683979,  at *3 (citing *Jennings v. Short-Elliott-Hendrickson, Inc.*, Civ. A. No. 05-cv-01056-
LTB-MEH, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007)) (citations and quotations
omitted).

[10] *Id.* (citing *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Davis Audio
Visual, LLC v. Greer*, Civ. A. No. 09-cv-00175-ZLW-MEH, 2009 WL 1537892, at *2 (D. Colo.
May 28, 2009)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoena (ECF No. 37) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of June 2011.

**s/ David J. Waxse**
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties