# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE HALL ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 11-CV-4013 JTM/DJW |
| ) | |
| ASSOCIATED INTERNATIONAL ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order (ECF No. 40) in which Plaintiff George Hall ("Hall") requests this Court direct Defendants Associated International Insurance Company ("Associated") and Proctor Financial ("Proctor") "to obtain discovery from Great Southern Bank. . . through this Court."[1] Specifically, Plaintiff desires the records subpoena issued by Defendant Associated to Great Southern Bank essentially be re-routed through this Court even though it was issued by the Western District of Missouri. The motion is denied.

**I.    Background Facts**

Plaintiff Hall brought this action before this Court on February 7, 2011. Plaintiff alleges that his bank, TeamBank, N.A. ("TeamBank"), informed him that it would place property insurance on his 160-acre farm. TeamBank then obtained an insurance policy from Defendant Associated which was procured through its managing general agent, Proctor. Plaintiff contends that Defendants represented, or mis-represented, that the issued policy covered his entire 160-

---

[1]Motion for Protective Order, (ECF No. 40) at pg. 1.

acre farm including the farm house, barns, and outbuildings.[2]  Then the farm suffered extensive storm damage in 2009 and "the insurance company paid only a very small loss because the policy that was actually issued only provided coverage for damage to the house even though defendants had represented to plaintiff that the bank had insured all the collateral, (not just the house)."[3]  Plaintiff seeks monetary relief for his loss.[4]

Though the action is before this Court, Defendant Associated sought issuance of a subpoena duces tecum from the Western District of Missouri.  That court issued the subpoena and Defendant Associated served it upon Great Southern Bank.  Great Southern Bank had a mortgage interest in Plaintiff's farm and was a creditor in a bankruptcy proceeding in which Plaintiff was a debtor in possession.[5]  Great Southern Bank and Plaintiff engaged in litigation and eventually reached a settlement agreement of all disputes between them, including bankruptcy and civil lawsuit issues.[6]  Among other things, the subpoena at issue seeks information regarding the litigation and settlement between Plaintiff and Great Southern Bank.  The subpoena was issued by the Western District of Missouri; served on Great Southern Bank in Springfield, Missouri; and requests production and inspection of certain documents in Spring-

---

[2]Complaint, (ECF No. 1) at pgs. 1-3.

[3]Plaintiff's Motion to Quash Subpoena, (ECF No. 37) at pg. 2.

[4]Complaint, (ECF No. 1) at pg. 5.

[5]Plaintiff's Motion to Quash Subpoena, (ECF No. 37) at pg. 1; *see also* Motion for Protective Order, (ECF No. 40) at pgs. 1-2.

[6]Plaintiff's Motion to Quash Subpoena, (ECF No. 37) at pg. at pg. 2; *see also* Motion for Protective Order, (ECF No. 40) at pg. 2.

field, Missouri.[7] Plaintiff believes, without support of any legal argument or citation, that "it makes no sense to proceed on a Missouri Subpoena"[8] since the case is before this Court in Kansas, "there was no proceeding initiated in the Western District of Missouri,"[9] and "everything was in Kansas and the witness [Great Southern Bank] is in Kansas."[10]

**II.     Discussion**

While Plaintiff may not like that the subpoena issued out of the Western District of Missouri, this Court will not circumvent the authority of that court regarding a properly issued subpoena. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 governs subpoenas. As Plaintiff points out, the subpoena to Great Southern Bank "was an Order to produce documents."[11] As it sought the production or inspection of documents and not attendance by Great Southern Bank, to be properly issued, the subpoena must have issued in accordance to Fed. R. Civ. P. 45 (a)(2)(C). That section of the Rule mandates that a subpoena seeking the "production or inspection" of documents and not "commanding a person's attendance" must issue "from the court for the district where the production or inspection is to be made."[12] As Plaintiff notes, the production and/or inspection of documents is set to occur in Springfield, Missouri. Thus, this

---

[7]Motion for Protective Order, (ECF No. 40) at pgs. 2 and 3.

[8]Motion for Protective Order, (ECF No. 40) at pg. 2.

[9]*Id*.

[10]*Id*. at pg. 3.

[11]*Id*. at pg. 2.

[12]Fed. R. Civ. P. 45(a)(2)(C).

3

Court would not have been a proper court from which to issue this subpoena. Instead, in compliance with Fed. R. Civ. P. 45 (a)(2)(C), Defendant Associated sought issuance of the subpoena in the proper district court.

Accordingly, this Court may not now rule that even though a properly issued subpoena exists, the parties shall ignore that subpoena and conduct all matters relating to this action within the confines of the state of Kansas. As this Court ruled in its Order dated June 20, 2011, the Western District of Missouri, as the issuing court of the subpoena, is the only court which may quash or modify the subpoena.[13] This Court, though it has jurisdiction over the filed matter, lacks jurisdiction to rule on the subpoena since it issued from another court.[14] Thus, this Court cannot and will not direct Defendants to obtain discovery from Great Southern Bank only through this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (ECF No. 40) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of June 2011.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:    All counsel

---

[13] Memorandum and Order denying Motion to Quash, (ECF No. 51).

[14] *Rajala v. McGuire Woods, LLP*, Civ. Action No. 08-2638-CM-DJW, 2010 WL 4683979, at *3 (D. Kan. July 22, 2010) (citing *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Davis Audio Visual, LLC v. Greer*, Civ. A. No. 09-cv-00175-ZLW-MEH, 2009 WL 1537892, at *2 (D. Colo. May 28, 2009)).